UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/08/2026

IN RE:

BRANDED OPERATIONS HOLDINGS,
INC.,

                Debtor.

MARIA ECKE,

                Appellant,

    -against-

PATRICK J. BARTELS, JR., Plan
Administrator,

                Appellee.

No. 25-CV-7803 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Appellant Maria Ecke ("Appellant" or "Ms. Ecke") brings this appeal pursuant to 28 U.S.C. § 158, seeking review of an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (*See* ECF No. 1.) Before the Court is Appellee Patrick J. Bartels, Jr.'s motion to dismiss the appeal, brought not in his individual capacity but solely in his capacity as Plan Administrator (the "Appellee" or "Plan Administrator"). (ECF No. 17.)

For the following reasons, the Court GRANTS the Plan Administrator's motion.

## BACKGROUND

This appeal concerns a challenge to the confirmation of a Chapter 11 Plan filed more than one year after entry of the confirmation order.

On August 16, 2022, Endo International plc and seventy-five affiliated debtors (collectively, the "Debtors") commenced voluntary cases under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  *See In re Endo Int'l plc*, No. 22-22549 (Bankr. S.D.N.Y.), ECF No. 1.  Additional affiliated debtors filed for relief on May 25 and May 31, 2023, and the cases have since been jointly administered.  *Id*. ECF Nos. 1945, 2136.  On December 19, 2023, the Debtors filed a Joint Chapter 11 Plan of Reorganization and a related disclosure statement.  *Id*. ECF No. 3355.  Following several amendments, the Bankruptcy Court entered an order confirming the Debtors' Fourth Amended Plan on March 22, 2024 (the "Confirmation Order").  *Id*. ECF No. 3960.  The Chapter 11 Plan became effective on April 23, 2024.  *Id*. ECF No. 4212.

More than a year later, on July 7, 2025—approximately 472 days after entry of the Confirmation Order—Ms. Ecke filed a document in the Bankruptcy Court titled "Appeal of Confirmation of Endo International."  *In re Branded Operations Holdings, Inc.*, No. 22-22608 (Bankr. S.D.N.Y.), ECF No. 159.  The notice of appeal was subsequently transmitted to this Court and docketed on September 19, 2025.  (ECF No 1.)  A review of the notice of appeal shows that Ms. Ecke failed to comply with Federal Rule of Bankruptcy Procedure 8003(a)(3) and Official Form 417A, as the notice fails to identify the order being appealed or the date of its entry.  (*Id*.)  It was also not accompanied by a copy of the Confirmation Order.  (*Id*.)

On December 11, 2025, the Plan Administrator filed a pre-motion letter seeking leave to move to dismiss the appeal as untimely.  (ECF No. 6.)  The following day, the Court waived the pre-motion conference requirement and granted leave to file the motion.  (ECF No. 8.)  In the interim, Appellant submitted several additional filings, including letters seeking to change venue, consolidate unrelated cases, and obtain various forms of relief.  (ECF Nos. 9, 11, 16.)  The Court denied these requests or directed responses as appropriate.  (*See, e.g.*, ECF Nos. 10, 12.)

2

**DISCUSSION**

The Plan Administrator's principal contention is that this appeal warrants dismissal because Ms. Ecke untimely filed her notice of appeal. (ECF No. 17, "Appellee Mem." at 5.) Ms. Ecke does not appear to rebut this argument. (*See generally* ECF No. 19, "Appellant Opp.") The Court nonetheless considers whether she timely filed her notice of appeal.

## I.   Legal Standard

Federal Rule of Bankruptcy Procedure 8002(a)(1) requires that a notice of appeal "be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). This requirement is jurisdictional: federal "district courts' jurisdiction to hear bankruptcy appeals is circumscribed by 28 U.S.C. § 158(c)(2), which provides that bankruptcy appeals must be filed 'in the time provided by Rule 8002 of the Bankruptcy Rules.'" *In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[I]n the absence of a timely notice of appeal . . . the district court is without jurisdiction to consider the appeal . . . .")); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (abrogating *In re Siemon* but recognizing that the "time limits . . . prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters" are jurisdictional). "Timeliness is determined by receipt." *In re Affirmative Equities Co., L.P.*, 2015 WL 4469309, at *1 (S.D.N.Y. July 21, 2015). The date on which a notice of appeal is "filed" is therefore "the date the clerk receives it, not the date it is mailed." *Petite-El v. WorldCom, Inc.*, 2006 WL 27443, at *2 n.5 (S.D.N.Y. Jan. 4, 2006) (quoting *In re Simpson*, 215 B.R. 885, 886 (B.A.P. 10th Cir. 1998)).

A party may seek leave to extend the time to file a notice of appeal in one of two ways: by written motion (1) "filed within the time allowed by" Fed. R. Bankr 8002(a) or (2) "within 21 days

after that time expires if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).  Courts look to several factors in determining whether there was excusable neglect, including: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *In re Soundview Elite Ltd.*, 512 B.R. at 159.  The third factor weighs most heavily in the analysis.  *Id*.  While *pro se* status "is relevant in determining whether there has been excusable neglect," such status alone is insufficient to satisfy the excusable neglect standard.  *Id*. (quoting *Myers v. N.Y.C. Human Rights Comm'n*, 2006 WL 2053317, at *2 (S.D.N.Y. 2006)).

## II.    The Appeal is Untimely

The Confirmation Order that Ms. Ecke seeks to appeal was entered on March 22, 2024.  *See Endo Int'l*, No. 22-22549, ECF No. 3960.  Ms. Ecke therefore had until April 5, 2024 to timely file a notice of appeal.  Fed. R. Bankr. P. 8002(a)(1).  Ms. Ecke, however, filed a notice of appeal well beyond the statutory deadline on July 7, 2025—approximately 458 days late.  *Branded Operations Holdings*, No. 22-22608, ECF No. 159.  Unless Ms. Ecke can show that (1) she requested an extension of the appeal period and (2) her failure to timely file was the result of "excusable neglect," this Court lacks jurisdiction to consider her appeal.  *See In re Soundview Elite Ltd.*, 512 B.R. at 157; Fed. R. Bankr. P. 8002(d)(1).

As to the first element, the dockets of the underlying Bankruptcy proceedings do not contain any request for an extension of time to appeal the Confirmation Order.  *See generally Endo Int'l*, No. 22-22549; *Branded Operations Holdings*, No. 22-22608.  Although a district court may also look to "the notice [of appeal] itself to see if an extension was requested[,]" *In re Soundview*,

4

512 B.R. at 158, the notice of appeal in this matter contains no such request, whether explicit or implied.  (*See* ECF No. 1.)

Nor does Ms. Ecke satisfy the second element.  Neither her notice of appeal nor her opposition addresses her untimeliness, much less articulates why she is entitled to a finding of excusable neglect.  (*See generally* ECF No. 1; Appellant Opp.)  To the contrary, Ms. Ecke expresses only her frustrations with the underlying Bankruptcy proceeding.  (*See generally* Appellant Opp.) That Ms. Ecke is proceeding *pro se* does not excuse her untimeliness.  The Second Circuit has expressly explained that untimely bankruptcy appeals must be dismissed for lack of jurisdiction, regardless of whether a party proceeds *pro se*.  *See In re Sterling*, 690 F. App'x 747, 748 n.1 (2d Cir. 2017) (affirming dismissal of *pro se* appeal filed "16 days after the entry of the bankruptcy court's order"); *see also In re Siemon*, 421 F.3d at 169 ("[I]n the absence of a timely notice of appeal [by a *pro se* litigant] . . . the district court is without jurisdiction to consider the appeal."); *Straehle v. Ina Life Ins. Co.*, 2005 WL 3388612, at *3 (E.D.N.Y. Dec. 8, 2005) (*pro se* status and "garden variety claim of ignorance of the law" not excusable neglect); *Chiulli v. I.R.S.*, 2005 WL 3021179, at *2–3 (S.D.N.Y. Sept. 21, 2005) (collecting cases and noting that "[c]ourts have refused to grant extensions due to 'excusable neglect' because of failure to read, understand, or follow a rule").

Because Ms. Ecke did not timely file her appeal and has not shown that she was entitled to an extension, the Court lacks jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Plan Administrator's motion to dismiss. Ms. Ecke's untimely filing of this appeal deprives the Court of jurisdiction.  The Court therefore

need not address the Plan Administrator's remaining arguments.[1]   The Clerk of Court is

respectfully directed to terminate this action and the motion at ECF No. 17.  The Clerk of Court is

further directed to mail a copy of this Order to *pro se* Appellant at the address listed on ECF and

to note service on the docket.

SO ORDERED.

Dated: April 8, 2026
        White Plains, NY

_____
Nelson S. Román, U.S.D.J.

---

[1] The Plan Administrator's remaining arguments nonetheless have merit.  For starters, the notice of appeal is deficient, as it fails to provide the information required by Official Bankruptcy Form 417A or to include a copy of the judgment or order from which the appeal is taken.  (*See* ECF No. 1.)  Ms. Ecke's request to consolidate this action with Case Nos. 20-CV-10420 and 25-CV-10237 is likewise without merit.  The three cases do not arise from the same bankruptcy proceeding, do not involve the same parties, and the orders being appealed were not issued by the same judge. Consolidation is warranted only where cases share "the same facts, involve the same or similar parties, and were issued by the same Judge." *In re Windstream Holdings, Inc.*, 2020 WL 4481933, at *2 (S.D.N.Y. Aug. 3, 2020); Fed. R. Bankr. P. 8003(b)(2).  These deficiencies provide additional grounds for dismissal.